IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| MOBILE MICROMEDIA SOLUTIONS LLC,<br><br>Plaintiff,<br><br>v.<br><br>JAGUAR LAND ROVER NORTH AMERICA, LLC;<br>CHRYSLER GROUP, LLC;<br>SUPERIOR AUTO MALL, LLC;<br>UNITED INVESTMENT SOLUTIONS, INC.;<br>LEWIS CHRYSLER-DODGE, INC.;<br>KIA MOTORS AMERICA, INC.; and<br>DSS & ABB, INC.<br><br>Defendants. | Civil Action File No.: 10-5002<br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR PATENT INFRINGEMENT

COMES NOW, Plaintiff Mobile Micromedia Solutions, LLC ("MMS"), by and through its undersigned counsel, and files its Complaint for Patent Infringement against the above-named Defendants and for its cause of action hereby states:

### THE PARTIES

1. MMS is a limited liability company organized and existing under the laws of the State of Texas, and having its registered place of business at 4605 Texas Boulevard, Texarkana, Texas 75503.

2. Jaguar Land Rover North America, LLC ("JLRNA") is a Delaware limited liability company with its principal office located at 555 MacArthur Boulevard, Mahwah, New Jersey 07430. JLRNA may be served by service upon its registered agent, The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilimington, Delaware 19801. JLRNA is the sole authorized distributor of Jaguar brand and Land Rover brand vehicles in the

United States. JLRNA is engaged in the business of distributing new Jaguar brand and Land Rover brand vehicles to authorized dealerships throughout the United States, including dealerships within the State of Arkansas, such as "Jaguar Little Rock" and "Land Rover Little Rock," also known as "Jaguar Land Rover of Little Rock."

3. Chrysler Group, LLC ("Chrysler") is a Delaware limited liability corporation with its principal office located at 1000 Chrysler Drive, Auburn Hills, Michigan 48326. Chrysler may be served by service upon its registered agent, The Corporation Company, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Chrysler is authorized to do business in the State of Arkansas, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of automobiles to Arkansas automobile dealers, such as "Lewis Chrysler Dodge" in Fayetteville, Arkansas, and "Superior Dodge Chrysler Jeep" in Siloam Springs, Arkansas.

4. Superior Auto Mall, LLC ("Superior Auto Mall") is an Arkansas limited liability company with its principal office located at 504 Highway 412 Bypass East, Siloam Springs, Arkansas 72761. Superior Auto Mall may be served by service upon its registered agent, Charles S. Trantham, at 157 E. Colt Square, Suite 1, Fayetteville, Arkansas 72703. Superior Auto Mall regularly conducts business within the State of Arkansas and within this judicial district by way of sales of and offers to sell Chrysler, Dodge, and Jeep automobiles from its dealership location in Siloam Springs, Arkansas.

5. United Investment Solutions, Inc. ("United"), is an Arkansas corporation with its principal office located at 504 Highway 412 Bypass East, Siloam Springs, Arkansas 72761. United Investment Solutions, Inc., may be served by service upon its registered agent, Charles S. Trantham, at 157 E. Colt Square, Suite 1, Fayetteville, Arkansas 72703. United Investment

Solutions, Inc., regularly conducts business within the State of Arkansas and within this judicial district by way of sales of and offers to sell Chrysler, Dodge, and Jeep automobiles from its dealership location in Siloam Springs, Arkansas, under the name "Superior Dodge Chrysler Jeep."

6. Kia Motors America, Inc. ("Kia"), is a California corporation with its principal office located at 111 Peters Canyon Road, Irvine, California 92606. Kia may be served by service upon its registered agent, The Corporation Company, at 124 West Capitol Avenue, Suite 1900, Little Rock, Arkansas 72201. Kia is authorized to do business in the State of Arkansas, and regularly conducts such business within the State and within this judicial district by way of sales and distribution of automobiles to Arkansas automobile dealers, such as "Superior Kia."

7. DSS & ABB, Inc. ("Superior Kia"), is an Arkansas corporation with its principal office located at 3195 N. College Avenue, Fayetteville, Arkansas 72703. DSS & ABB, Inc., may be served by service upon its registered agent, Charles S. Trantham, at 157 E. Colt Square, Suite 1, Fayetteville, Arkansas 72703. DSS & ABB, Inc., regularly conducts business within the State of Arkansas and within this judicial district by way of sales of and offers to sell Kia automobiles from its dealership location in Fayetteville, Arkansas, under the name "Superior Kia."

## JURISDICTION AND VENUE

8. This is an action for patent infringement arising under the provisions of the Patent Laws of the United States of America, Title 35, United States Code.

9. Subject-matter jurisdiction over MMS's claims is conferred upon this Court by 28 U.S.C. § 1331 (federal question jurisdiction) and 28 U.S.C. § 1338(a) (patent jurisdiction).

10. This Court has personal jurisdiction over Defendants because Defendants are subject to general jurisdiction in the State of Arkansas. Defendants also have established

minimum contacts with the forum. All Defendants are authorized to do business in the State of Arkansas and regularly conduct such business. Defendants manufacture, sell and/or offer to sell products that are and have been used, offered for sale, sold and/or purchased in Arkansas, including in this judicial district. Defendants—directly and/or though their distribution networks—place their infringing products within the stream of commerce, which stream is directed at this district. Personal jurisdiction over Defendants is also proper inasmuch as Defendants Superior Auto Mall, United, and Superior Kia are Arkansas corporations and have voluntarily submitted themselves to the jurisdiction of the courts of this State by each registering with the Arkansas Secretary of State a registered agent within the State of Arkansas. In addition, Defendant JLRNA's distribution and sales of Jaguar and Land Rover vehicles to one or more dealers within the State of Arkansas constitute systematic and continuous dealings within the State sufficient to support personal jurisdiction over JLRNA, and this case is directly connected to JLRNA's activities within the State of Arkansas. Therefore, the exercise of personal jurisdiction over Defendants would not offend traditional notions of fair play and substantial justice.

11.    Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b) and (c) and §1400(b).

## COUNT I – INFRINGEMENT OF U.S. PATENT NO. 5,420,931

12.    MMS reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

13.    On May 30, 1995, U.S. Patent No. 5,420,931 ("the '931 patent"), a copy of which is attached hereto as Exhibit "A," was duly and legally issued by the U. S. Patent & Trademark Office ("USPTO"). MMS is the owner by assignment of all right, title and interest in and to the

4

'931 patent, including all right to recover for any and all past infringement thereof.

14. Upon information and belief, Defendants have in the past and continue to infringe the '931 patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, products and services which are covered by at least one claim of the '931 patent.

15. At a minimum, the following Jaguar, Land Rover, Chrysler, Dodge, Jeep and Kia vehicles made, used, sold and/or offered for sale by the Defendants are accused of infringing one or more claims of the '931 Patent as a result of Defendants JLRNA's, Chrysler's, and Kia's inclusion and use of various components and interconnections to create an integrated micro-processor-driven entertainment system in said vehicles, including but not limited to the following:

      a.      Model Year 2009-2010 Jaguar XJ;

      b.      Model Year 2009-2010 Land Rover Range Rover;

      c.      Model Year 2009-2010 Land Rover Range Rover Sport;

      d.      Model Year 2009-2010 Land Rover LR4;

      d.      Model Year 2009-2010 Chrysler Town and Country;

      e.      Model Year 2009 Chrysler Aspen;

      f.      Model Year 2009-2010 Dodge Grand Caravan;

      g.      Model Year 2009-2010 Dodge Journey;

      h.      Model Year 2009 Dodge Durango;

      i.      Model Year 2009-2010 Dodge Ram;

      j.      Model Year 2009-2010 Jeep Commander;

      k.      Model Year 2009-2010 Kia Borrego; and

    l.  Model Year 2009-2010 Kia Sedona.

  16. As a consequence of the infringement of the '931 patent by Defendants, MMS is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

  17. Upon information and belief, Defendants will continue to infringe the '931 patent unless enjoined by this Court.

  18. As a consequence of the infringement by Defendants complained of herein, MMS has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement of the '931 patent on a going-forward basis.

  19. Upon information and belief, Defendants' infringement of the '931 patent is willful, entitling MMS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

COUNT II – INFRINGEMENT OF U.S. PATENT NO. 5,722,069

  20. MMS reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

  21. On February 24, 1998, U.S. Patent No. 5,722,069 ("the '069 patent"), a copy of which is attached hereto as Exhibit "B," was duly and legally issued by the USPTO. MMS is the owner by assignment of all right, title and interest in and to the '069 patent, including all right to recover for any and all past infringement thereof.

  22. Upon information and belief, Defendants have in the past and continue to infringe the '069 patent by making, using, selling and/or offering to sell, in this judicial district and

elsewhere in the United States, products and services which are covered by at least one claim of the '069 patent.

23. At a minimum, the following Jaguar, Land Rover, Chrysler, Dodge, Jeep and Kia vehicles made, used, sold and/or offered for sale by the Defendants are accused of infringing one or more claims of the '069 Patent as a result of Defendants JLRNA's, Chrysler's, and Kia's inclusion and use of various components and interconnections to create an integrated micro-processor-driven entertainment/telephone system in said vehicles, including but not limited to the following:

    a. Model Year 2009-2010 Jaguar XJ;

    b. Model Year 2009-2010 Jaguar XF;

    c. Model Year 2009-2010 Jaguar XK;

    d. Model Year 2009-2010 Land Rover Range Rover;

    e. Model Year 2009-2010 Land Rover Range Rover Sport;

    f. Model Year 2009-2010 Land Rover LR4;

    g. Model Year 2009-2010 Land Rover LR2;

    h. Model Year 2009-2010 Chrysler Town and Country;

    i. Model Year 2009-2010 Chrysler 300;

    j. Model Year 2009-2010 Chrysler Sebring;

    k. Model Year 2009 Chrysler Aspen;

    l. Model Year 2009-2010 Dodge Grand Caravan;

    m. Model Year 2009-2010 Dodge Journey;

    n. Model Year 2009 Dodge Durango;

    o. Model Year 2009-2010 Dodge Ram;

    p.      Model Year 2009-2010 Dodge Avenger;

    q.      Model Year 2009-2010 Dodge Caliber;

    r.      Model Year 2009-2010 Dodge Charger;

    s.      Model Year 2010 Dodge Nitro;

    t.      Model Year 2009-2010 Jeep Commander;

    u.      Model Year 2009-2010 Jeep Compass;

    v.      Model Year 2009-2010 Jeep Grand Cherokee;

    w.      Model Year 2009-2010 Jeep Liberty;

    x.      Model Year 2009-2010 Jeep Patriot;

    y.      Model Year 2009-2010 Jeep Wrangler;

    z.      Model Year 2009-2010 Kia Borrego; and

    aa.    Model Year 2009-2010 Kia Sedona.

24.   As a consequence of the infringement by Defendants complained of herein, MMS is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

25.   Upon information and belief, Defendants will continue to infringe the '069 patent unless enjoined by this Court.

26.   As a consequence of the infringement by Defendants complained of herein, MMS has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement on a going-forward basis.

27.   Upon information and belief, Defendants' infringement of the '069 patent is

willful, entitling MMS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III - INFRINGEMENT OF U.S. PATENT NO. 6,470,178

28.  MMS reasserts and incorporates herein by reference the allegations of all preceding paragraphs of this Complaint as if fully set forth herein.

29.  On October 22, 2002, U.S. Patent No. 6,470,178 ("the '178 patent"), a copy of which is attached hereto as Exhibit "C," was duly and legally issued by the USPTO. MMS is the owner by assignment of all right, title and interest in and to the '178 patent, including all right to recover for any and all past infringement thereof.

30.  Upon information and belief, Defendants have in the past and continue to infringe the '178 patent by making, using, selling and/or offering to sell, in this judicial district and elsewhere in the United States, products and services which are covered by at least one claim of the '178 patent.

31.  At a minimum, the following Jaguar, Land Rover, Chrysler, Dodge, Jeep and Kia vehicles made, used, sold and/or offered for sale by the Defendants are accused of infringing one or more claims of the '178 Patent as a result of Defendants JLRNA's, Chrysler's, and Kia's inclusion and use of various components and interconnections to create an integrated entertainment system featuring Radio Data System ("RDS") presets in said vehicles, including but not limited to the following:

      a.    Model Year 2009-2010 Jaguar XJ;

      b.    Model Year 2009-2010 Jaguar XF;

      c.    Model Year 2009-2010 Jaguar XK;

      d.    Model Year 2009-2010 Land Rover Range Rover;

e.  Model Year 2009-2010 Land Rover Range Rover Sport;

f.  Model Year 2009-2010 Land Rover LR4;

g.  Model Year 2009-2010 Land Rover LR2;

h.  Model Year 2009-2010 Chrysler Town and Country;

i.  Model Year 2009-2010 Chrysler 300;

j.  Model Year 2009-2010 Chrysler Sebring;

k.  Model Year 2009 Chrysler Aspen;

l.  Model Year 2009-2010 Dodge Grand Caravan;

m.  Model Year 2009-2010 Dodge Journey;

n.  Model Year 2009 Dodge Durango;

o.  Model Year 2009-2010 Dodge Ram;

p.  Model Year 2009-2010 Dodge Avenger;

q.  Model Year 2009-2010 Dodge Caliber;

r.  Model Year 2009-2010 Dodge Charger;

s.  Model Year 2010 Dodge Nitro;

t.  Model Year 2009-2010 Jeep Commander;

u.  Model Year 2009-2010 Jeep Compass;

v.  Model Year 2009-2010 Jeep Grand Cherokee;

w.  Model Year 2009-2010 Jeep Liberty;

x.  Model Year 2009-2010 Jeep Patriot;

y.  Model Year 2009-2010 Jeep Wrangler;

z.  Model Year 2009-2010 Kia Borrego; and

aa.  Model Year 2009-2010 Kia Sedona.

32. As a consequence of the infringement by Defendants complained of herein, MMS is entitled to recovery of past damages in the form of, at a minimum, a reasonable royalty.

33. Upon information and belief, Defendants will continue to infringe the '178 patent unless enjoined by this Court.

34. As a consequence of the infringement by Defendants complained of herein, MMS has been irreparably damaged to an extent not yet determined and will continue to be irreparably damaged by such acts in the future unless Defendants are enjoined by this Court from committing further acts of infringement. In the event the Court determines that it will not enter injunctive relief, then it should require Defendants to continue to pay royalties for their infringement on a going-forward basis.

35. Upon information and belief, Defendants' infringement of the '178 patent is willful, entitling MMS to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## PRAYER FOR RELIEF

WHEREFORE, MMS prays for entry of judgment and an order that:

(1) Defendants have infringed the '931, '069, and/or '178 patents;

(2) Defendants account for and pay to MMS all damages and costs of MMS caused by Defendants' patent infringement;

(3) MMS be granted permanent injunctive relief pursuant to 35 U.S.C. § 283 enjoining Defendants, their officers, agents, servants, employees, affiliates and those persons in active concert of participation with them from further acts of patent infringement;

(4) In the event the Court determines that it will not enter injunctive relief,

Defendants continue to pay royalties to MMS for its infringement of the '931, '069 and/or '178 patents on a going-forward basis;

(5) MMS be granted pre-judgment and post-judgment interest on the damages caused to it by reason of Defendants' patent infringement, and the damages be trebled in the event the jury determines the infringement was willful;

(6) Costs and attorney's fees be awarded to MMS, as this is an exceptional case; and

(7) MMS be granted such further and additional relief as the Court may deem just and proper under the circumstances.

## DEMAND FOR JURY TRIAL

MMS demands trial by jury on all claims and issues so triable.

Respectfully Submitted,

*/s/ Nicholas H. Patton*

Nicholas H. Patton
State Bar No. 63035
Geoffrey P. Culbertson
Patton, Tidwell & Schroeder, LLP
4605 Texas Boulevard
Texarkana, Texas 75503
903.792.7080 / 903.792.8233 (Fax)

Of counsel:

Patricia L. Peden
LAW OFFICE OF PATRICIA L. PEDEN
1316 67th Street
Suite 6
Emeryville, California 94608
Telephone: 510.268.8033

Steven G. Hill
Eric G. Maurer
HILL, KERTSCHER & WHARTON, LLP
3350 Riverwood Parkway, Suite 800
Atlanta, Georgia 30339
Telephone: 770.953.0995
Facsimile: 770.953.1358

*Attorneys for Plaintiff Mobile Micromedia Solutions LLC*