IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

MOBILE MICROMEDIA SOLUTIONS LLC                              PLAINTIFF

v.                        CASE NO. 5:10-cv-5002

JAGUAR LAND ROVER NORTH AMERICA, LLC;
CHRYSLER GROUP LLC;
SUPERIOR AUTO MALL, LLC; and
UNITED INVESTMENT SOLUTIONS, INC.                            DEFENDANTS

**MEMORANDUM IN SUPPORT OF DEFENDANT CHRYSLER GROUP LLC'S
SUPERIOR AUTO MALL, LLC'S AND UNITED INVESTMENT SOLUTIONS, INC'S
MOTION TO TRANSFER VENUE TO
THE EASTERN DISTRICT OF MICHIGAN PURSUANT TO 28 U.S.C. § 1404(a)**

## INTRODUCTION

This patent case has no meaningful connection to Arkansas, and should be transferred to the Eastern District of Michigan, where it does have a significant connection. Neither the Plaintiff, Mobile Micromedia Solutions ("MMS"), nor the primary Defendants, Chrysler Group LLC ("Chrysler") and Jaguar Land Rover North America, LLC ("Jaguar"), are Arkansas entities. None of the potentially material witnesses for trial – including MMS' own material witnesses – are from Arkansas or any nearby state. None of the relevant evidence will come from Arkansas or any nearby state. And, the alleged infringing activity – selling vehicles with allegedly infringing audio and entertainment systems – has no greater connection to Arkansas than any other state in the United States.

In contrast, Chrysler is headquartered in Michigan. The engineering for its vehicles takes place in Michigan. The Chrysler engineers responsible for the accused systems are located in Michigan. Chrysler's sales and marketing employees, and its legal department, all are in Michigan. And its documents all are in Michigan. Chrysler's principal suppliers, non-parties from whom Chrysler purchases the accused systems, each have primary or resident engineering groups for the accused systems in Michigan. Accordingly, Michigan is a clearly more convenient forum for Chrysler and its non-party suppliers.

Although Jaguar is headquartered in New Jersey, it consents to transfer. Michigan is a closer and therefore more convenient venue for Jaguar, and it is not any more inconvenient than Arkansas. Moreover, Jaguar contends it is licensed under MMS's patents through its former owner Ford Motor Company, based in Dearborn, Michigan. Ford therefore is likely to be a non-party source of evidence, and Michigan also is clearly more convenient for it.

As a Texas company, MMS cannot claim Arkansas as its "home turf" and thus its decision to file in Arkansas cannot be afforded the same deference as an Arkansas company.

DSMDB-2769240

Moreover, MMS is a patent holding company – it has never invented, patented or made anything, including the vehicle audio and entertainment systems on which MMS bases this patent infringement action. Accordingly, MMS likely will call no truly relevant party witnesses at trial and instead rely almost exclusively on third parties, such as the inventors of the patents it holds, and the companies who originally developed the technology. One of its patents-in-suit was originally developed by Delphi – headquartered in Michigan – and the sole inventor of the remaining two patents-in-suit appears to live in New York. Michigan is clearly more convenient for third-party Delphi and, because it is closer, more convenient for the New York inventor.

Lacking any meaningful reason to file suit in Arkansas, and anticipating the present motion to transfer, MMS names two local Chrysler dealers as defendants. But, neither dealer has anything to do with the design or manufacture of Chrysler vehicles, or their audio and entertainment systems – the actual activity to which MMS complains. The dealers merely distribute Chrysler's products. As a result, the dealers possess no material evidence for trial. Instead, they will rely on Chrysler's evidence and witnesses – which are in Michigan – and therefore also seek transfer to Michigan.

When MMS' predecessor filed a prior suit against Delphi, a Michigan company, in the District of Georgia over the same types of accused systems, it also sought to maintain venue by naming local dealers as defendants. The Georgia court, however, looked to the true source of evidence, dismissed as unpersuasive plaintiff's arguments about local dealers' convenience and transferred the case to the Eastern District of Michigan.

This Court, like the Georgia court, should transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) because it is a clearly more convenient forum and has a significant connection to the dispute.

Moreover, MMS is a patent holding company – it has never invented, patented or made anything, including the vehicle audio and entertainment systems on which MMS bases this patent infringement action. Accordingly, MMS likely will call no truly relevant party witnesses at trial and instead rely almost exclusively on third parties, such as the inventors of the patents it holds, and the companies who originally developed the technology. One of its patents-in-suit was originally developed by Delphi – headquartered in Michigan – and the sole inventor of the remaining two patents-in-suit appears to live in New York. Michigan is clearly more convenient for third-party Delphi and, because it is closer, more convenient for the New York inventor.

Lacking any meaningful reason to file suit in Arkansas, and anticipating the present motion to transfer, MMS names two local Chrysler dealers as defendants. But, neither dealer has anything to do with the design or manufacture of Chrysler vehicles, or their audio and entertainment systems – the actual activity to which MMS complains. The dealers merely distribute Chrysler's products. As a result, the dealers possess no material evidence for trial. Instead, they will rely on Chrysler's evidence and witnesses – which are in Michigan – and therefore also seek transfer to Michigan.

When MMS' predecessor filed a prior suit against Delphi, a Michigan company, in the District of Georgia over the same types of accused systems, it also sought to maintain venue by naming local dealers as defendants. The Georgia court, however, looked to the true source of evidence, dismissed as unpersuasive plaintiff's arguments about local dealers' convenience and transferred the case to the Eastern District of Michigan.

This Court, like the Georgia court, should transfer this action to the Eastern District of Michigan pursuant to 28 U.S.C. § 1404(a) because it is a clearly more convenient forum and has a significant connection to the dispute.

## BACKGROUND

### A. <u>Nature of the Case</u>

MMS' Complaint alleges that the defendants have infringed three patents – U.S. Patent Nos. 5,420,931 ("the '931 patent"), 5,722,069 ("the '069 patent") and 6,470,178 ("the '178 patent) (collectively "the patents-in-suit"), which relate to audio and entertainment systems for vehicles (the "accused systems"). MMS asserts that Chrysler, Jaguar, and two Chrysler dealers infringe those patents by selling vehicles that incorporate the accused systems. MMS's First Amended Complaint for Patent Infringement.

### B. <u>The Parties</u>

MMS, a patent holding company, is a Texas limited liability company registered to do business in Texarkana, Texas. *Id.*

Chrysler is an automaker. It designs, researches, and develops its vehicles in Auburn Hills, Michigan; it does none of those activities in Arkansas. Exh. A, Declaration of Ralph Edwin Smith ("Smith Decl.") ¶ 4. All of Chrysler's party witnesses, records, and documents are located in Michigan. *See Id.* ¶ 6.

Jaguar is headquartered in Mahwah, New Jersey. Exh. B, Declaration of Benjamin Weiner ("Weiner Decl.") ¶ 4. Jaguar contends that it is licensed under the MMS patents through a license it obtained when owned by Ford Motor Company, located in Dearborn, Michigan. *Id.* ¶ 5.

Defendants Superior Auto Mall, LLC and United Investment Solutions, Inc. (collectively "the local dealers") are Arkansas corporations. Answer of Superior Auto Mall, LLC and United Investments Solutions, Inc. They purchase vehicles from Chrysler and then sell them at the same principal place of business in Siloam Springs, Arkansas. *Id.* The local dealers do not design or manufacture the Chrysler vehicles they sell, nor the audio and entertainment systems in those vehicles. Exh. C, Declaration of Travis Woods ("Woods Decl.") ¶¶ 4, 5; Exh.

A, Smith Decl. ¶ 5. The local dealers have no party witness who could competently testify to the detailed technical specifications of the audio and entertainment systems in Chrysler vehicles. Exh. C, Woods Decl. ¶ 4, 5. The local dealers will rely on Chrysler, including its witnesses and evidence, to defend MMS' infringement allegations. *Id.*

C.      **Non-party Witnesses**

Chrysler expects several non-party witnesses to produce relevant evidence and/or provide testimony at trial. Chrysler does not manufacture the accused systems – it purchases them from non-party suppliers. *See, e.g.*, Exh. D, Declaration of Michael Long ("Long Decl.") ¶ 6. Those non-party suppliers possess detailed engineering information about the accused systems. Exh. C, Long Decl. ¶ 7. Accordingly, the following four primary suppliers are expected to play a role in the case and at trial:

- Harman International (headquartered in Connecticut) conducts its design and engineering of the accused systems in Farmington Hills, Michigan. Exh. D, Long Decl. ¶ 8; *see also* Exh. E, Harman Website Information. Chrysler's resident engineering contact at Harmon on issues relating to the accused systems is in Farmington Hills, Michigan. *Id.*

- Mitsubishi (headquartered in Japan) maintains an engineering group in Northville, Michigan to support the accused systems. Exh. D, Long Decl. ¶ 9; *see also* Exh. F, Mitsubishi Website Information. Chrysler's resident engineering contact at Mitsubishi on issues relating to the accused systems is in Farmington Hills, Michigan. Exh. D, Long Decl. ¶ 9.

- Alpine Electronics, Inc. (headquartered in California) maintains an engineering group in Farmington Hills, Michigan to support the accused systems. Exh. D, Long Decl. ¶ 10; *see also* Exh. G, Alpine Electronics Website Information. Chrysler's resident

engineering contact at Alpine on issues relating to the accused systems is in Farmington Hills, Michigan. *Id.*

- Continental AG (headquartered in Germany) is in the process of locating its design and engineering of the accused systems to Deer Park, Illinois from Huntsville, Alabama. Exh. D, Long Decl. ¶ 11. Continental AG also maintains an engineering group in Auburn Hills, Michigan to support the accused systems. Exh. D, Long Decl. ¶ 11; *see also* Exh. H, Continental Website Information. Chrysler's resident engineering contact at Continental AG on issues relating to the accused systems is in Auburn Hills, Michigan. *Id.*

Because they maintain resident engineering offices within 100 miles of the Eastern District of Michigan, Detroit Division courthouse, the four non-party suppliers are within that court's subpoena power and can be compelled to testify there.

Other non-party witnesses from Michigan and New York are expected to provide evidence about the patents themselves. Delphi, located in Troy, Michigan, developed and originally owned MMS's '178 patent. Exh. I, Delphi Website Information; '178 Patent, Cover Page. Thus, Delphi likely possesses the lion share of relevant research and development, patent prosecution and ownership evidence. The sole inventor of the '931 and '069 patents, Irah Donner, appears to live in or near New York City. Exh. J, Irah Donner Information.

## ARGUMENT

### I. BOTH THE "CONVENIENCE" AND THE "INTERESTS OF JUSTICE" FACTORS WARRANT EASTERN DISTRICT OF MICHIGAN

#### A. Applicable Law

Section 1404(a) of Title 28 states that "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or

6

division where it might have been brought." 28 U.S.C. § 1404(a) (2006). A Section 1404(a) transfer determination requires "a case-by-case evaluation of the particular circumstances at hand and a consideration of all relevant factors." *Terra Int'l, Inc. v. Mississippi Chem. Corp.*, 119 F.3d 688, 691 (8th Cir. 1997). When determining whether transfer is proper, this Court considers "three general categories of factors stated in § 1404(a): (1) the convenience of the parties; (2) the convenience of the witnesses; and (3) whether the transfer would be in the interest of justice." *Price Indus. Inc. v. Fulghum Indus. Inc.*, Case No. 97-1448, 2002 WL 31681806, *8 (W.D. Ark. 2002) (attached as Exh. K). In other words, this Court should evaluate the "convenience factors" and the "interests of justice factors." *Terra*, 119 F.3d at 696. As explained in full below, both sets of factors tip decidedly in favor of transfer.

### B. The "Convenience Factors" Favor Transfer

All four of the relevant "convenience factors" weigh in favor of transferring this litigation to the Eastern District of Michigan because, as demonstrated below, it is a clearly more convenient forum.[1]

#### 1. The Eastern District of Michigan is clearly more convenient for the parties

##### a. The Eastern District of Michigan is far more convenient for Chrysler

Chrysler's headquarters and all its material documents and witnesses are located in Michigan; none is in Arkansas. Exh. D, Long Decl. ¶ 4, 5; Exh. A, Smith Decl. ¶¶ 4, 6.

---

[1] Those four factors are:

> (1) the convenience of the parties; (2) the convenience of the witnesses – including the willingness of witnesses to appear, the ability to subpoena witnesses, and the adequacy of deposition testimony; (3) the accessibility to records and documents; [and] (4) the location where the conduct complained of occurred.

*Terra*, 119 F.3d at 696. The fifth factor, "the applicability of each forum's state substantive law," does not come into play here as this action arises under federal patent law. *Id.*

Moreover, Chrysler's suppliers provide significant engineering support to Chrysler within Michigan. Exh. D, Long Decl. ¶¶ 8-10. Thus, the vast majority of Chrysler's own relevant documents and witnesses, and those of its non-party suppliers, are located in Michigan. In addition to reducing Chrysler travel costs, litigating this case and conducting the trial in Michigan would significantly reduce long-distance travel and lost productivity. Exh. D, Long Decl. ¶ 12; Exh. A, Smith Decl. ¶¶ 7, 8. The Eastern District of Michigan is clearly a more convenient forum for Chrysler.

### b. Jaguar is closer to Michigan than Arkansas and consents to transfer

Jaguar's U.S. headquarters are located in New Jersey. Exh. B, Weiner Decl. ¶ 4. The distance between New Jersey and Michigan is approximately half the distance between New Jersey and Arkansas. Exh. L, Google Maps (Relative Distances From New Jersey). Thus, litigating and trying this case in Michigan is more convenient for Jaguar than Arkansas. Accordingly, Jaguar consents to transfer to Michigan. Exh. B, Weiner Decl. at ¶ 6.

### c. The Eastern District of Michigan is as convenient for the local dealers as Arkansas

The local dealers sell vehicles that Chrysler designs and manufactures. Exh. C, Woods Decl. ¶ 4. Thus, the local dealers do not have any employees that are knowledgeable about the design, research and development of the accused systems. *Id.* Rather, the local dealers will rely on Chrysler's witnesses and evidence to defend against MMS's allegations. *Id.* ¶ 5. Michigan, therefore, is as convenient for the dealers as Arkansas and more convenient for the dealer's non-party witnesses – Chrysler's employees. *Id.* ¶ 6.

Moreover, a plaintiff "cannot pick and choose minor distributors as defendants to lodge venue in an inappropriate place as to the defendant manufacturer." *See Tyson Foods Inc. v. Hester Indus. Inc.*, Case No. 90-5061, 1990 WL 10072481 (W.D. Ark. 1990) (quoting *Scotch*

*Whiskey Assoc. v. Majestic Distilling Co.*, 681 F. Supp. 1297, 1305 (N.D. Ill. 1988)) (attached as Exh. M). MMS's attempt to lay venue in a clearly inconvenient forum for Chrysler, the manufacturer, by naming "minor distributors" as defendants should not be permitted.

In fact, in a case MMS's predecessor filed in the Northern District of Georgia against a Michigan entity (Delphi) and local Georgia dealers, the court transferred the case to the Eastern District of Michigan, substantially discounting convenience of the local Georgia dealers. *Donner Inc. v. Delphi LLC*, Civil Action No 1:03-CV-869-MHS, Order on Motion to Transfer (attached as Exh. N). The court held that the local dealers are "clearly secondary parties ..., so it makes little sense to make their convenience a controlling factor." *Id.* at 8. The same is true here – the local dealers are at most secondary defendants and MMS should not be allowed to establish venue by focusing on their convenience. *See Tyson Foods Inc.*, 1990 WL 10072481.[2]

### d. The Eastern District of Michigan is just as convenient for MMS as the current forum

Any inconvenience caused to MMS by litigating this case in Michigan will be minimal. MMS is a Texas entity. When, as here, "the plaintiff is not a resident of the forum in which the case is brought, a transfer will generally be regarded as less inconvenient to the plaintiffs." *Capital Ford New Holland, Inc. v. AB Volvo*, Case No. 4:00-CV-00715, 2000 U.S. Dist. LEXIS 22671, *7 (E.D. Ark. 2000) (attached as Exh. O). Additionally, MMS is a pure patent holding entity, likely consisting of little more than a team of lawyers negotiating licenses and litigating alleged infringement. Unlike Chrysler, trial for MMS will not involve any loss of productivity in its regular business activities. Moreover, the convenience of MMS' team of

---

[2] Additionally, other courts have similarly refused to allow a plaintiff "to join a minor dealer in order to prevent transfer of venue to a district more appropriate to [defendant]." *Swift-Eckrich, Inc. v. American Suzuki Motor Corp.*, Case No. 89-0392, 1989 WL 81966, *4 (N.D. Ill. 1989) (dismissing the "minor dealer" that was "joined solely in an attempt to prevent a transfer of venue," and transferring case against distributor to a more appropriate forum) (attached as Exh. P).

lawyers "is not entitled to any weight," *Price Indus. Inc.*, 2002 WL 31681806, *8, and the testimony of MMS' employees, to the extent any is proffered, is unlikely to be substantial or relevant to the technology issues.

### 2. The "primary factor" – the convenience of the witnesses – weighs heavily in favor of transfer

This Court has recognized that "convenience of the witnesses is a primary, if not the most important, factor in considering a motion under § 1404(a)." *Price Indus. Inc.*, 2002 WL 31681806, *8. As discussed above, Chrysler's party witnesses are located in Michigan. *See* Exh. D, Long Decl. ¶¶ 4, 5; Exh. A, Smith Decl. ¶¶ 4, 6. Further, many of Chrysler's non-party suppliers' witnesses also are located in Michigan. Exh. D, Long Decl. ¶ 7-11. These Michigan witnesses, who likely will provide the main technical testimony and evidence in this case, would be greatly inconvenienced by a trial in Arkansas.

Further, other foreseeable third-party witnesses in this litigation – including Delphi (the prior owner of MMS's '178 patent) and Ford (Jaguar's previous owner who holds a license to MMS's patents) – are in Michigan. Exh. I, Delphi Website Information; Exh. B, Weiner Decl. ¶ 5. And Irah Donner, the inventor of '931 and '069 patents, appears to live in or near New York, which is closer to Michigan than to Arkansas. Exh. J, Irah Donner Information.

### 3. Accessibility to records and documents weighs in favor of transfer

As demonstrated above, virtually all relevant records and documents are located outside of Arkansas, and the vast majority are in Michigan. Accordingly, this factor weighs in favor of transfer. *See, e.g., Jackson v. Wal-Mart Stores, Inc.*, Case No. 08-5270, 2009 WL 734117, *2 (W.D. Ark. Mar. 17, 2009) (transferring case from the Western District of Arkansas where "most, if not all, of the fact witnesses and documentary evidence" were located in another state) (attached as Exh. Q).

### 4. Location where the conduct complained of occurred weighs in favor of transfer

When, as here, a plaintiff selects a forum "with no connection to the issues in dispute and no apparent or stated connection to the Plaintiff ... itself," the lack of connection to the operative facts of the case suggests transfer to a more relevant forum. *Thornton Drilling Comp., v. Stephens Production Comp.*, Case No. 4:06-CV-00851, 2006 WL 2583659, *2 (E.D. Ark. 2006) (attached as Exh. R). The sole connection between the alleged infringement and this District is the sale of vehicles by the local dealers. That is not enough, as "federal courts are not solicitous of plaintiffs claiming substantial weight for their forum choice where the connection with the forum is limited to sales activity without more." *The Original Creatine Patent Comp., Ltd. v. MET-RX USA, Inc.*, 387 F.Supp.2d 564, 568 (E.D. Va. 2005) (recognizing that treating venue the same in any district where a national distributor's product was sold would "undermine [Section 1404(a)'s] emphasis on convenience of the parties and of potential witnesses"). The insubstantial connection between the State of Arkansas and the allegedly infringing conduct weighs in favor of transferring this case to the Eastern District of Michigan, where the accused systems are engineered into Chrysler's vehicles.

### C. The Interests of Justice Also Weigh in Favor of Transfer

Only three of the "interest of justice" factors" considered in connection with a Section 1404(a) transfer apply here – the plaintiff's choice of forum, the comparative costs to the parties of litigating in each forum, and the obstacles to a fair trial. *Terra*, 119 F.3d at 696. All three compel transfer to the Eastern District of Michigan.[3]

---

[3] The "interest of justice factors" include:

> (1) judicial economy; (2) the plaintiff's choice of forum; (3) the comparative costs to the parties of litigating in each forum; (4) each party's ability to enforce a judgment; (5) obstacles to a fair trial; (6) conflict of law issues; and (7) the advantages of having a local court determine questions of local law.

11

### 1. MMS' choice of forum is not entitled to any weight

"[L]ittle or no weight should be accorded to a plaintiff's choice of forum where that forum is neither the plaintiff's home forum nor a forum with any significant connection to the dispute." *Thornton Drilling*, 2006 WL 2583659, *2; *see also Lewis v. United Parcel Service*, Case No. 4:09-CV-00887, 2010 WL 654295, Slip Op., at 2 (E.D. Ark. Feb. 17, 2010) (granting transfer) (attached as Exh. S); *U.S. Ship Management, Inc. v. Maersk Line, Ltd.*, 357 F.Supp. 2d 924, 936 (E.D. Va. 2005) (granting transfer); *Biometics, LLC v. New Womyn, Inc.*, 112 F.Supp. 2d 869, 876 (E.D. Mo. 2000) (granting transfer). That is the case here. MMS is a Texas company so Arkansas is not its "home forum." Moreover, the design and engineering of the accused systems – the real conduct about which MMS complains – is not performed in Arkansas. Little or no deference should be accorded MMS's decision to file in Arkansas, especially in view of Michigan's significant connection to the dispute.

### 2. Comparative costs to the parties weigh in favor of transfer

Chrysler is in the process of replacing or refreshing a significant number of vehicles it offers for sale by end of calendar year 2010. Exh. A, Smith Decl. ¶ 8; Exh. D, Long Decl. ¶ 12. Chrysler also currently is operating with fewer engineering resources than its predecessor company. *Id.* These resources are fully and heavily engaged with the launch of the replacement and refreshed vehicles. *Id.* Accordingly, Chrysler is under significant pressure to do more with less resources than its predecessor. *Id.* Any lost productivity of its engineers for an out of state trial will be a significant inconvenience and burden. *Id.*

---

*Terra*, 119 F.3d at 696. The remaining factors do not come into play at all in this case: each party's ability to enforce a judgment; conflict of law issues; and the advantages of having a local court determine questions of local law. The last remaining factor, judicial economy, applies in the abstract but has negligible impact on the facts of this litigation, because the Complaint was filed only two months ago, there has been no motion or discovery practice, and this Court has yet to even issue a scheduling order.

DSMDB-2769240

Because MMS is a patent holding company, it has no issue of lost productivity. The comparative costs to Chrysler of litigating this case in Arkansas versus Michigan weigh heavily in favor of transfer.

### 3. Chrysler can compel non-party suppliers to testify at trial in Michigan

In Arkansas, Chrysler may face an obstacle to a fair trial if the non-party suppliers do not consent to participate in trial. Conversely, Chrysler's four suppliers all have established places of business within 100 miles of the Eastern District of Michigan's Detroit Division courthouse. *See* Exh. D, Long Decl. ¶ 8-11. Accordingly, if this case is transferred, all four suppliers would be within the subpoena power of the Eastern District of Michigan.

## II. THE ACTION MIGHT HAVE BEEN BROUGHT IN THE EASTERN DISTRICT OF MICHIGAN

Patent infringement claims "may be brought in the judicial district where the defendant resides, or where the defendant has committed acts of infringement and has a regular and established place of business." 28 U.S.C. § 1400(b) (2006). A corporate defendant is deemed to reside "in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced." 28 U.S.C. § 1391(c) (2006). In Michigan, personal jurisdiction is proper over a corporate defendant if it has "substantial, continuous and systematic contacts with the forum" or it "has purposefully directed [its] activities at residents of the forum, and the litigation results from alleged injuries that arise out of or relate to those activities." *Majestec 125, LLC v. Sealift, Inc.*, No. 06-CV-104, 2006 WL 2039984, * 2 (W.D. Mich. 2006) (attached as Exh. T).

Chrysler and Jaguar both sell the vehicles containing the allegedly infringing products in the Eastern District of Michigan, and maintain substantial, continuous, and systematic contacts there. As franchisees of Chrysler, the local dealers also maintain substantial, continuous, and

13

systematic contacts with Chrysler in Michigan, and have purposefully directed activities related to this litigation – including establishing a franchise relationship and purchasing the accused products – at Chrysler in Michigan. *See* Exh. C, Woods Decl. ¶¶ 1, 8; *see also* Exh. N, *Donner Inc.,* Order on Transfer at 8 (local automotive dealerships subjected themselves to Michigan's long-arm statute by "regularly purchas[ing] vehicles containing the accused products in Michigan"). Because venue would have been proper in the Eastern District of Michigan, MMS could have brought this present case there.

## CONCLUSION

For the foregoing reasons, this Motion should be granted and the case transferred to the Eastern District of Michigan, Detroit Division.

Dated: April 13, 2010

Respectfully submitted,

By: /s/ Paul D. Morris
Edwin L. Lowther, Jr. (81107)
Paul D. Morris (2001238)
WRIGHT, LINDSEY & JENNINGS LLP
903 North 47th Street, Suite 101
Rogers, Arkansas 72756
Telephone: (479) 986-0888
Facsimile: (479) 986-8932
Email: pmorris@wlj.com

Frank C. Cimino, Jr.
DICKSTEIN SHAPIRO LLP
1825 Eye Street, NW
Washington, DC 20006-5403
Telephone: (202) 420-2200
Facsimile: (202) 420-2201
Email: CiminoF@dicksteinshapiro.com

Counsel for Defendant
Chrysler Group LLC

and

Charles S. Trantham
STOCKLAND & TRANTHAM, P.A.
PO Box 1723
Fayetteville, AR 72702
Telephone: 479-521-7130
Facsimile: 479-521-3608
Email: chuck@sandtlaw.com

Counsel for Defendants
Superior Auto Mall, LLC and
United Investment Solutions, Inc.

DSMDB-2769240

## CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2010, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which shall send notification of such filing to the following:

> P. Culbertson
> gpc@texarkanalaw.com
>
> Steven G. Hill
> sgh@hkw-law.com
>
> Eric Gregory Maurer
> egm@hkw-law.com
>
> Nicholas H. Patton
> nickpatton@texarkanalaw.com
>
> Patricia L. Peden
> ppeden@pedenlawfirm.com
>
> ATTORNEYS FOR PLAINTIFF
>
> Michael Avi David
> michael.david@lw.com
>
> ATTORNEY FOR JAGUAR LAND ROVER NORTH AMERICA, LLC
>
> Charles S. Trantham
> chuck@sandtlaw.com
>
> ATTORNEY FOR SUPERIOR AUTO MALL, LLC
> AND UNITED INVESTMENTS SOLUTIONS, INC.

       /s/ Paul D. Morris
       Paul D. Morris (2001238)
       Attorneys for Defendant
       Chrysler Group LLC
       WRIGHT, LINDSEY & JENNINGS LLP
       903 North 47th Street, Suite 101
       Rogers, Arkansas 72756
       (479) 986-0888
       FAX: (479) 986-8932
       E-MAIL: pmorris@wlj.com

DSMDB-2769240